IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

BRIAN KIM, and all others similarly
situated,

    Plaintiff,

vs.                                                  **Collective Action**

BENIHANA NATIONAL CORP., a Foreign
Corporation,

    Defendant.
_____/

## COMPLAINT

### I. INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") to recover both unpaid overtime and illegally deducted tips, and for unlawful retaliation on behalf of Plaintiff BRIAN D. KIM (hereinafter "BRIAN KIM"), and all others similarly-situated to him who were formerly, or are currently, employed as chefs by Defendant BENIHANA NATIONAL CORP. (hereinafter referred to as "Defendant").

2. Defendant employs these employees within the Southern District of Florida to prepare food at several of its restaurants located throughout South Florida and the nation alike.

3. Throughout the liability period, Defendant has owned and operated several restaurants within the Southern District of Florida.

4. For at least three years prior to the filing of this complaint and continuing (hereinafter "Liability Period"), Defendant has had policies and practices to require its

chefs to work off the clock without compensation. In addition, the Defendant makes illegal deductions from its chef's tips and distributes the deducted tips to employees who are not entitled to share in said tips. Lastly, when chefs complain about the illegal conduct, Defendant either terminates them or harasses the chefs in an effort to get the complaining chef to quit.

5. Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him who were formerly, or are currently, employed as chefs for Defendant during the liability period, seeks unpaid overtime, unpaid tips illegally deducted, and liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from Defendant.

6. Plaintiff will request the Court to authorize concurrent notice to all chefs who are employed by Defendant or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION

7. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

## III.   VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where Defendant may be deemed to reside because Defendant conduct business within the Southern District of Florida.

## IV.   PARTIES

### Plaintiff BRIAN KIM

9.  BRIAN KIM was, at all material times, a resident of Broward County, Florida.

10. BRIAN KIM, at all material times, was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

11. Defendant employed BRIAN KIM as a chef.

12. During the Liability Period, BRIAN KIM was required to work many hours without any compensation whatsoever.

13. During the Liability Period, BRIAN KIM's tips were illegally reduced and shared with other employees who were not entitled to tips.

14. During the Liability Period, BRIAN KIM complained about the Defendant's illegal pay practices, was harassed and ultimately terminated his employment because of Defendant's actions.

### Defendants

15. Defendant, BENIHANA NATIONAL CORP. (hereinafter, "BENIHANA") is a Foreign Corporation doing business in Broward County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 and 215, in the restaurant where BRIAN KIM was employed.

16. At all times material hereto, BENIHANA is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA, and is thus subject to the requirements of the FLSA.

## V. GENERAL FACTUAL ALLEGATIONS

17. The allegations in paragraphs 18 through 21 occurred during the liability period.

18. Defendant does not pay its chefs for all hours worked.

19. Defendant illegally deducts money from its chef's tips and shares them with employees who are not entitled to receive tips.

20. Defendant harasses and/or terminates those employees who complaint of illegal pay practices described above.

21. All chefs employed by Defendant are not exempt from the minimum wage and overtime requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

22. All chefs employed by Defendant are entitled to protection under the anti-retaliation provision of the FLSA pursuant to 29 U.S.C. § 215.

23. There are numerous persons similarly-situated to Plaintiff who are, or were, employed as chefs for Defendant during the liability period.

24. During the liability period, Defendant willfully and recklessly required its chefs to work off the clock without compensation and would retaliate against those chefs who complained.

## VI. FIRST CLAIM – Unpaid Overtime and/or Minimum Wages in the alternative

25. The allegations in paragraphs 1-24 are incorporated by reference herein.

26. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires overtime compensation and minimum wages to non-exempt employees, 29 U.S.C. § 207.

27. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime compensation (or minimum wages in the alternative) in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. SECOND CLAIM – Illegal Tip Deductions/Tip Pool

28. The allegations in paragraphs 1-24 are incorporated by reference herein.

29. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires that a tipped employee receive their tips without deduction and without those tips being shared with employees who are not entitled to receive tips. Thus, Defendant is not entitled to take the tip credit against the minimum wage under 29 U.S.C. § 203(m).

30. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of a proper minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VIII. THIRD CLAIM – Retaliation

31. The allegations in paragraphs 1-24 are incorporated by reference herein.

32. Plaintiff BRIAN KIM complained about Defendant's illegal pay practices and was harassed and ultimately terminated his employment as a result of the harassment.

33. By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA, which does not allow them to terminate employees for objecting to illegal pay practices, 29 U.S.C. § 215.

34.     As a result of the unlawful acts of Defendant, Plaintiff BRIAN KIM was constructively terminated and has lost wages in amounts to be determined at trial, and is entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

A.      To authorize the issuance of notice at the earliest possible time to all BENIHANA chefs who were employed by Defendant during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if (1) they worked hours off the clock without compensation; (2) they experienced deductions from their tips; or (3) they were harassed, terminated or otherwise retaliated against for opposing Defendant's illegal pay practices during the Liability Period;

B.      To declare that Defendant has violated the overtime (minimum wage in the alternative) and retaliation provisions of the FLSA, 29 U.S.C. §§203(m), 206, 207 and 215, as to the Plaintiff and persons similarly situated;

C.      To declare that Defendant's violations of the FLSA to be willful;

D.      To award Plaintiff, and other similarly situated current and former BENIHANA chefs, damages for the amount of the unpaid overtime wages, minimum wages, illegally deducted tips, as well as lost wages and reinstatement due to wrongful and retaliatory discharge, subject to proof at trial;

E. To award Plaintiff, and other similarly situated current and former chefs, liquidated damages in an amount equal to the unpaid and lost wages shown to be owed pursuant to 29 U.S.C. § 216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H. To award Plaintiff, and other similarly situated current and former BENIHANA chefs, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Jury Demand

Plaintiff demands trial by jury.

Dated: September 21, 2013
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff