UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

BRIAN KIM, and all others similarly situated,

Plaintiff,

v.

BENIHANA NATIONAL CORP., a Foreign Corporation,

Defendant.

Case No. 13-cv-62061-WPD

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

I.   INTRODUCTION[1]

Defendant Benihana National Corp., ("Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the Complaint of Plaintiff Brian Kim ("Plaintiff") because the Complaint provides nothing more than "threadbare recitals" of only some, but not all of the elements of the claims for relief which do not meet the pleading standards set forth in *Ashcroft v. Iqbal,* 566 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiff's Complaint fails to give notice that there may be grounds upon which Plaintiff is entitled to relief. Plaintiff's First Claim for overtime or, in the alternative, minimum wages fails to state a claim upon which relief may be granted because he does not plead that he worked in excess of 40 hours in any workweek. Nor does he plead any time period during which he was

---

[1] Benihana does not admit the vague allegations of Plaintiff's Complaint. The allegations are deemed true solely for purposes of this motion. *See Bryant v. Abado Brands, Inc.*, 187 F.3d 1271, 1273 (11th Cir. 1989).

not compensated for all hours worked. Plaintiff's Second Claim alleging illegal tip deductions and pooling fails to state a claim for relief because Plaintiff does not allege how any tip deduction is illegal. Plaintiff does not plead which employees share in Plaintiff's tips or why these employees are not permitted to do so. Plaintiff's Third Claim for retaliation is deficient because Plaintiff does not plead anything beyond that he "complained." But from this, Defendant does not know to whom Plaintiff complained, what consequences, if any, Plaintiff experienced as a result, or why Plaintiff left his employment.

Plaintiff's Complaint should be dismissed entirely for failure to state *any* claim upon which relief may be granted.

## II. ARGUMENT

### A. Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). These allegations "must be enough to raise a right to relief above the speculative level" and must offer "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," and "threadbare recitals" of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Under *Iqbal*'s plausibility standard,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (Citations omitted.) The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.) Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678-679.

The pleading standard "... demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 555). A complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly,* 550 U.S. at 545 (citations omitted). A plaintiff must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Id.* at 556 n.3.

Additionally, only *factual* allegations, rather than mere *legal* conclusions, are entitled to the assumption of truth. See *Iqbal,* 556 U.S. at 679-80; *see also Edward v. Prime, Inc.*, 602 F. 3d 1276, 1291 (11th Cir. 2010). A court must first "'eliminate any allegations in the complaint that are merely legal conclusions,' and then, 'where there are *well-pleaded factual allegations,* 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" See *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 680) (emphasis added); *McBride v. T&A of Citrus County, Inc.*, 2013 U.S. Dist. LEXIS 77630, * 3-*4 (M.D. Fla. May 13, 2013).

Such standards exist to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Without some factual allegation, "it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3.

**B.    Each Claim In The Complaint Should Be Dismissed Because Plaintiff Does Not Allege Facts Establishing The Elements Of The Claims.**

Plaintiff does not plead the elements of any of his claims for relief.

> 1. **Plaintiff's First Claim For Unpaid Overtime And/Or Minimum Wages In The Alternative Does Not Allege Sufficient Facts To State A Claim.**
>
>> a. **Plaintiff's First Claim Does Not Allege Sufficient Facts To Plead A *Prima Facie* Case For Unpaid Overtime.**

To plead a *prima facie* case for unpaid overtime under the FLSA, Plaintiff must allege that 1) Defendant employed him; 2) Defendant is covered by the FLSA or Plaintiff is otherwise covered by the FLSA; 3) *Plaintiff actually worked in excess of a 40-hour work week;* and (4) Defendant failed to pay him overtime wages as required by law. *See St. Croix v. Genetech, Inc.*, 2012 U.S. Dist. LEXIS 86742, at *4 (M.D. Fla. June 22, 2012); *Hines v. Detail Dynamics, Inc.*, 2010 U.S. Dist. LEXIS 116123, at *2 (M.D. Fla. Oct. 5, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

To survive dismissal, Plaintiff must plead facts that he worked in excess of 40 hours per week, including "*dates or date ranges* during which [he] worked overtime or any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of [his] work." *St. Croix*, 2012 U.S. Dist. LEXIS 86742, at *4 (emphasis added) (citing *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 340 (11th Cir. 2011)); *see also Rance v. Rocksolid Granite USA, Inc.*, 292 Fed. Appx. 1, 2 (11th Cir. 2008) (affirming dismissal of complaint for failure to provide evidence of the amount and extent of work); *Stubbia v. Nopi Enterprises, Inc.*, 2012 U.S. Dist. LEXIS 121248, at *6 (S.D. Fla. Aug. 27, 2012) (dismissing FLSA overtime claim where plaintiff failed to show that she worked over 40 hours per week); *Nakahata v. New York Healthcare Sys., Inc.*, 723 F.3d 192 (2nd Cir. 2013) (plaintiff must allege facts showing that he or she worked in excess of 40 hours per week). For example, in *St. Croix*, the court dismissed plaintiff's FLSA overtime claim and collective action because she pleaded only that she "worked for Defendant in excess of forty (40) hours per work week," but did not provide any other allegations for the court to determine the amount and extent of her *hours* worked. *Id.* at *5-*6.

Here, Plaintiff pleads only that he "work[ed] many hours without any compensation whatsoever" and was deprived of overtime. (*See* Compl. at ¶ 12.) Plaintiff does not even plead that he worked in excess of 40 hours per work week. Plaintiff's conclusion does not allow the court to make a "just and reasonable inference" as to Plaintiff's work based on these allegations alone, nor does it provide adequate notice to Defendant about when hours were uncompensated, or whether any overtime was worked without overtime compensation.

### b.   Plaintiff's First Claim Does Not Allege Sufficient Facts To Plead A *Prima Facie* Case For Minimum Wages.

Plaintiff's First Claim seeks minimum wages "in the alternative." (*See* Compl. at ¶¶ 5, 27.) Plaintiff must allege facts showing he is entitled to relief for unpaid minimum wages under the FLSA. *See, e.g.*, *Stubbia*, 2012 U.S. Dist. LEXIS 121248 at *6-*7 (dismissal proper where inconsistent allegations prevented court from determining amount of unpaid minimum wages); *Burge v. Kings Realty Group*, 2012 U.S. Dist. LEXIS 136053 at *7 (M.D. Fla. 2012 Sept. 24, 2012) (dismissing complaint, *inter alia*, for failure to allege statement regarding time period during which defendant failed to compensate plaintiff in accordance with federal minimum wage).

Where a tip credit is involved, *Stubbia*, *supra* at *5, makes it clear that Plaintiff must plead facts alleging how his employer did not comply with the requirements of 29 U.S.C. § 203(m) which govern taking tip credits. *Id.* at *5-*6. Here, Plaintiff alleges only that he is owed compensation for hours worked and that he was deprived of minimum wage amounts. (*See Compl.* at ¶¶ 12, 26, 30.) Plaintiff never alleges *when* Defendant allegedly failed to pay him minimum wage in accordance with the FLSA. Like the plaintiff in *Stubbia*, Plaintiff does not allege that Defendant did not comply with the FLSA's tip credit provision of § 203(m), thus entitling Plaintiff to full minimum wage amounts.

The Court should dismiss Plaintiff's "alternative" First Claim for Relief for minimum wages.

### 2. Plaintiff's Second Claim For Relief For Illegal Tip Deductions/Pooling Fails To State Facts Upon Which Relief May Be Granted.

Plaintiff's Second Claim pleads no facts showing Defendant is not entitled to a tip credit, or any fact demonstrating that Defendant maintained an invalid tip pool. To plead a claim that an employer is not entitled to a tip credit, a plaintiff must allege facts demonstrating noncompliance with the requirements of 29 U.S.C. § 203(m). *See Stubbia*, 2012 U.S. Dist. LEXIS 121248 at *5-*6. Under Section 203(m) of the FLSA, employers may pay employees who receive tips directly from customers a reduced minimum wage. The difference between the standard minimum wage and the reduced minimum wage paid to tipped employees is the "tip credit." *See Goldin v. Boce Group, LC*, 773 F. Supp. 2d 1376 (S.D. Fla. Mar. 29, 2011); *Perez v. Palermo Seafood, Inc.*, 2008 U.S. Dist. LEXIS 112252 at *4 n.2 (S.D. Fla. May 8, 2008). For the employer to use a tip credit, 1) the employer must inform the tipped employee of the provisions of § 203(m), and 2) all tips received by such employee must be retained by the employee (unless he or she participates in a tip pool). *See* 29 U.S.C. § 203(m); *Steiner-Out v. Lone Palm Golf Club, LLC*, 2010 U.S. Dist. LEXIS 115415 at *8 (M.D. Fla. Oct. 28, 2010). The FLSA allows tip pooling by employees who "customarily and regularly" receive tips totaling more than $30 per month. 29 C.F.R. §§ 531.54, 531.57.

To plead that a tip pool is invalid, a plaintiff must allege "additional facts such as those employees' job titles and duties." *Schamis v. Josef's Table, LLC*, 2013 U.S. Dist. LEXIS 104992 at *8 (S.D. Fla. July 26, 2013).

Here, Plaintiff does not plead sufficient facts to give notice that Defendant illegally deducted from tips or that the tip pool was not legal. Plaintiff does not plead facts about the employees Plaintiff share tips with, or the "deductions" alleged. Plaintiff's "naked assertions"

do not meet *Iqbal*'s plausibility pleading standard, so the Second Claim for Relief should be dismissed.

### 3. Plaintiff's Third Claim Does Not Allege Facts To Establish A *Prima Facie* Case For Retaliation Under The FLSA.

#### a. Plaintiff Has Not Pled Facts Showing That He Engaged In Protected Activity Under The FLSA.

Plaintiff has not pled any of the elements of a retaliation claim under 29 U.S.C. § 215(a)(3), the FLSA's anti-retaliation provision. To plead a *prima facie* case of retaliation, Plaintiff must allege that: 1) he engaged in statutorily protected activity; 2) he subsequently suffered an adverse employment action; and 3) a causal connection existed between the employee's conduct and the adverse action. *See Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

The FLSA protects three types of activity: 1) the filing of a complaint; 2) instituting a proceeding; or 3) providing testimony or about to provide testimony in a proceeding. *See* 29 U.S.C. § 215(a)(3). In *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011), the Supreme Court clarified that:

> To fall within the scope of the antiretaliation provision, *a complaint must be sufficiently clear and detailed for a reasonable employer to understand it*, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones.

(Emphasis added.) Thus, a complaint is "filed" when "'a reasonable, objective person would have understood the employee to have put the employer on *notice* that [the] employee is asserting statutory rights under the [Act].'" *Id.* (emphasis added); *see also Jones v. Hamic*, 875 F. Supp. 2d 1325, 1351-52 (M.D. Ala. 2012) (citing *Kasten*). This requirement is intended to provide the employer with "fair notice" that an employee "is in fact making a complaint about an

7

Act violation," rather than "just letting off steam." *Kasten*, 131 S. Ct. at 1334. Thus, an employer must have notice of any complaint.

Moreover, an employee must make clear that he or she is asserting his or her rights under the FLSA to an employer in order to satisfy the FLSA's notice requirement. *See, e.g., Snipes v. Northeast Pharms*, 2013 U.S. Dist. LEXIS 26701, *29-*30 (M.D. Ala. Feb. 27, 2013) (notice requirement not met where employee's complaint did not mention belief that employer's pay practice unlawful); *Jones*, 875 F. Supp. at 1353 (notice requirement not met where employee's two grievances prior to filing suit never mentioned belief that she was misclassified as exempt and entitled to overtime under FLSA); *Morse v. JP Morgan Chase & Co.*, 2010 U.S. Dist. LEXIS 143520 at *3-*4 (M.D. Fla. 2010) (dismissing claim under Rule 12(b)(6) where employee posted complaint about lack of overtime on her Facebook page because employee "simply voiced disagreement" with employer's payment practices on Facebook page and that her actions amounted to "letting off steam" which "falls short of protected activity"); *Perez v. Brands Mart Serv. Corp.*, 2011 U.S. Dist. LEXIS 82708, *26 (Jul. 28, 2011 S.D. Fla.) (no protected activity where plaintiff criticized compensation system utilizing commission payments and demanded more compensation).

Here, Plaintiff only alleges that he "complained" about Defendant's alleged illegal pay practices and was harassed as a result. (Compl. at ¶ 32.) Without more facts, Plaintiff's Complaint does not give notice that he engaged in protected activity under the FLSA. Who did he complain to? When? Did he complain orally or in writing? What did he complain about, specifically? Plaintiff's Complaint does not allege sufficient facts under the *Iqbal* standard.

      **b.**    **Plaintiff's Third Claim Does Not Plead The Elements Of Constructive Discharge.**

Plaintiff does not plead facts sufficient to make out a claim of constructive discharge. The Supreme Court in *Penn. St. Police v. Suders*, 542 U.S. 129, 134 (2004), stated that to

8

establish "constructive discharge," the plaintiff must show that the abusive working environment became so intolerable that his resignation qualified as a fitting response. *See also Poole v. Country Club of Columbus*, 129 F. 3d Supp. 551, 553 (11th Cir. 1997) ("a plaintiff must demonstrate that working conditions were 'so intolerable that a reasonable person in her position would have been compelled to resign'"). Moreover, "[t]he standard for proving constructive discharge is higher than the standard for proving a hostile work environment" because the plaintiff "must demonstrate a greater severity or pervasiveness of harassment . . . ." *Hipp v. Liberty Nat'l. Life Ins.*, 252 F. 3d 1208, 1231 (11th Cir. 2001). *Hipp* states, "[t]his circuit has required pervasive conduct by employers before finding that a hostile work environment existed or a constructive discharge occurred." *Id.* (citations omitted.)

Paragraph 34 of the Third Claim alleges only that "[a]s a result of the unlawful acts of Defendant, Plaintiff . . . was constructively terminated . . . ." Plaintiff pleads no facts suggesting that he was harassed to such an extent that his working conditions were "so intolerable" that resignation was the only solution. He pleads no facts regarding severity or pervasiveness of alleged harassment. Indeed, Plaintiff does not even plead that Defendant harassed him *because* he complained of illegal conduct. He says only that he complained and then was harassed. Just because one event followed an earlier event does not mean that the earlier event caused the later event. That is the logical fallacy of *post hoc ergo propter hoc*. Plaintiff did not plead sufficient facts to allege a claim of retaliatory constructive discharge under the FLSA, so the Court should dismiss this portion of the Third Claim.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and enter an order dismissing Plaintiff's claims.

RESPECTFULLY SUBMITTED,

LITTLER MENDELSON, P.C.
*Attorneys for Defendant*

Wells Fargo Center, Suite 2700
333 SE 2nd Avenue
Miami, FL  33131
Telephone:  (305) 400-7500
Facsimile:   (305) 603-2552

By: */s/ Jonathan A. Beckerman*
Jonathan A. Beckerman
Florida Bar No.0568252
E-mail: jabeckerman@littler.com
*LEAD ATTORNEY*
*PRO HAC VICE*

650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone:  (415) 433-1940
Facsimile:   (415) 399-8490

By: */s/ Margaret Hart Edwards*
Margaret Hart Edwards
California Bar No. 65699
E-mail: mhedwards@littler.com
*PRO HAC VICE*

By: */s/ Robert L. Zaletel*
Robert L. Zaletel
California Bar No. 96262
E-mail: RZaletel@littler.com
*PRO HAC VICE*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 6th day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/Jonathan A. Beckerman*
Jonathan A. Beckerman

## SERVICE LIST

### BRIAN KIM v. BENIHANA NATIONAL CORP.
### CASE NO. 13-CV-62061-WPD

Robert S. Norell, Esq.,
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue, Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Email: rob@floridawagelaw.com

*Counsel for Plaintiff*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Jonathan A. Beckerman
Florida Bar No.0568252
E-mail: jabeckerman@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center, Suite 2700
333 SE 2nd Avenue
Miami, FL  33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552
*LEAD ATTORNEY*
*PRO HAC VICE*

Margaret Hart Edwards
California Bar No. 65699
E-mail: mhedwards@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone:  (415) 433-1940
Facsimile:   (415) 399-8490
*PRO HAC VICE*

Robert L. Zaletel
California Bar No. 96262
E-mail: RZaletel@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108-2693
Telephone:  (415) 433-1940
Facsimile:   (415) 399-8490
*PRO HAC VICE*

*Counsel for Defendant*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Firmwide:123454146.6 062447.1042