**CONFIDENTIAL**
**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Confidential Settlement Agreement and General Release ("AGREEMENT") is entered into by and between BRIAN KIM ("KIM") and BENIHANA NATIONAL CORP. ("BENIHANA") (collectively "Parties").

**RECITALS**

This AGREEMENT is made with reference to the following facts:

A.   **WHEREAS,** on September 21, 2013, Brian Kim filed a lawsuit entitled *Brian Kim. v. Benihana National Corp.,* in the United States District Court for the Southern District of Florida, Case No. 0:13-cv-62061-WPD  (the "Lawsuit");

B.   **WHEREAS,** Jordan Hitchens and Daniel Camus filed Consent to Join the Lawsuit as party-plaintiffs on September 25, 2013, and February 4, 2014, respectively;

C.   **WHEREAS,** BENIHANA denies the validity of KIM's claims and denies that it is subject to any liability; and

C.   **WHEREAS,** all wages concededly due to KIM have been unconditionally paid; and

D.   **WHEREAS,** all Parties wish to settle their differences without resort to further litigation, with each party to bear their own attorneys' fees and costs, except as otherwise provided below; and

E.   **WHEREAS,** BENIHANA is willing to provide KIM with certain considerations described below, which it is not ordinarily required to, provided KIM releases BENIHANA from any claims KIM has made or might make arising out of his employment with BENIHANA and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals:**  The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2.   **Definitions:**    Throughout this AGREEMENT, the term "BENIHANA" shall include the following:

1

(A)   Benihana National Corp., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Benihana National Corp.; and

(B)   Any officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (a).

3.   **Settlement Sum:**  As consideration for signing this Agreement and compliance with the promises made herein, BENIHANA agrees to pay KIM FIVE THOUSAND DOLLARS and 00/100 CENTS ($5,000), less lawful deductions.  This sum shall be allocated as follows:

a.   THREE THOUSAND DOLLARS and 00/100 CENTS ($3,000.00) shall be made payable to Kim's legal counsel, Robert S. Norell, P.A., EIN No.: 650643110, as attorney's fees and costs, for which a 1099 shall be issued;

b.   ONE THOUSAND DOLLARS and 00/100 CENTS ($1,000) shall be made payable as wage-based compensatory damages to KIM, less lawful deductions/tax withholdings, for which a W-2 shall be issued; and

c.   ONE THOUSAND DOLLARS and 00/100 CENTS ($1,000) shall be made payable to KIM as non-wage-based general damages for which a 1099 shall be issued.

BENIHANA shall provide the consideration identified in this paragraph 3 within five (5) business days after receiving all of the following items and after the following condition precedents are met: (1) an original of this Agreement appropriately signed and dated by KIM; (2) an Order from the Court that is presiding over the Lawsuit approving the AGREEMENT and dismissing the Lawsuit in its entirety as to all party-plaintiffs, with prejudice; (3) receipt of fully-executed tax forms for all individuals/entities receiving checks (that is, forms W-4 and/or W-9); (4) an Order from the Court that is presiding over the Lawsuit approving the settlement between BENIHANA and any other party-plaintiff to the Lawsuit, and dismissing the Lawsuit, with prejudice.

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after BENIHANA has received from KIM all of the items described in this paragraph).

The Parties will jointly file a motion for approval of the AGREEMENT, without attaching a copy of it, and they will jointly request a fairness hearing to present the terms of the settlement to the Court that is presiding over the Lawsuit.  The Parties will endeavor to the extent possible to avoid filing this Agreement or otherwise making the amount of the parties' settlement a matter of public record, unless ordered by the Court to do so.

This AGREEMENT shall be null and void and may not be used in this or any other proceeding to the extent that:  (1) the Court that is presiding over the Lawsuit does not approve this AGREEMENT and dismiss the Lawsuit with prejudice; and (2) the Court that is presiding over

the Lawsuit does not approve the settlement with respect to any other party-plaintiff to the Lawsuit.   That is, the Parties' settlement is contingent on the Court also approving the settlement between BENIHANA and every other party-plaintiff to the Lawsuit.

Except as otherwise provided in this AGREEMENT, each party will bear their own attorneys' fees and costs.

4.   **Consideration:**  KIM understands and agrees that he would not receive the monies and/or benefits specified in paragraph 3, above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

5.   **General Release of Claims:**    In exchange for, and in consideration of, the payments, benefits, and other commitments described above,  KIM, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges BENIHANA and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that KIM may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to KIM prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 3 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits.  KIM also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim.  KIM also releases any and all claims he may have that arose prior to the date of this AGREEMENT under the Family and Medical Leave Act and the Fair Labor Standards Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT.   Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights KIM may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and

unequivocal terms of law, be limited, waived, or extinguished. KIM understands and agrees that he is releasing BENIHANA from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by KIM or on KIM's behalf.

With the exception of a claim under Florida's Workers' Compensation Retaliation Act (Fla. Stat. 440.25), KIM retains the right to file a claim for workers' compensation benefits. KIM also retains the right to file a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and/or Florida Commission on Human Relations ("FCHR"), and/or National Labor Relations Board ("NLRB"). However, KIM releases Employer from any and all claims of employment discrimination arising through the effective date of this Agreement, and cannot recover any relief on KIM's behalf in any NLRB, EEOC or FCHR proceedings. KIM affirms that, other than the claims set forth in the Lawsuit, he is unaware of any other claims that he may possess against BENIHANA and hereby waives any right he may have to any monetary or injunctive relief in any NLRB, EEOC, or Florida-state agency and/or administrative proceedings.

KIM will opt out of any class action against BENIHANA that may be filed in the future, and he will not opt in to any FLSA collective action filed in the future. Furthermore, KIM waives any right to recover monies or injunctive relief in any DOL proceedings in the future.

6. **Tax Liability:** KIM understands that BENIHANA shall issue an IRS Form 1099 for those portions of the payment specified in paragraph 3 of this AGREEMENT that are not subject to withholding. In paying the amount specified in paragraph 3, BENIHANA makes no representation regarding the tax consequences or liability arising from said payment, including, but not limited to, the tax treatment relating to any amounts paid as attorneys' fees and costs. KIM understands and agrees that any and all tax liability that may be due or become due because of the payment referenced above is his sole responsibility, and that he will pay any such taxes that may be due or become due, including, but not limited to, the tax liability relating to any amounts paid as attorneys' fees and costs. BENIHANA has no monetary liability or obligation regarding payment whatsoever (other than delivering a valid check in the sum referenced in paragraph 3 of this AGREEMENT to KIM). KIM agrees to bear all tax consequences, if any, attendant upon the payment to him of the above-recited sums. KIM further agrees to hold BENIHANA harmless from and against any tax or tax withholdings claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums. In the event BENIHANA receives written notice that any claim or assessments for taxes, withholding obligations, penalties and/or interest arising out of this settlement are being or will be made against BENIHANA, BENIHANA shall promptly, after receipt of such written notice, notify KIM by letter sent to counsel for KIM.

KIM agrees that there are no outstanding liens on the monetary consideration supporting this AGREEMENT, including, but not limited to, any liens for attorneys' fees. If any such liens exist, KIM agrees that he/she is responsible for their reimbursement.

7.   **Affirmations:**  KIM represents and affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT.

8.   **No Further Employment:**  KIM acknowledges that his employment with BENIHANA terminated.  KIM permanently, unequivocally, and unconditionally waives any and all rights KIM may now have, may have had in the past, or may have in the future to obtain or resume employment with BENIHANA.  KIM agrees never to apply for employment with BENIHANA, its parent, successors, affiliates, and subsidiaries.  In the event that KIM is ever mistakenly employed by BENIHANA, its parent, successors, affiliates, and/or subsidiaries, KIM agrees to have his employment terminated with no resulting claim or cause of action against BENIHANA, its parent, successors, affiliates, and/or subsidiaries.

9.   **No Assignment:**  The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10.  **Confidentiality:**  In consideration of the obligations under this AGREEMENT, KIM agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither KIM nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of BENIHANA, under any circumstances, except KIM may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

   (A)   If KIM is required to disclose this AGREEMENT, its terms or underlying facts pursuant to court order and/or subpoena, KIM shall notify BENIHANA, in writing via facsimile or overnight mail, within 24 hours of his receipt of such court order or subpoena, and simultaneously provide BENIHANA with a copy of such court order or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 20.  KIM agrees to waive any objection to BENIHANA's request that the document production or testimony be done *in camera* and under seal.

   (B)   KIM acknowledges that a violation of paragraph 10 or any of its subparts would cause immeasurable and irreparable damage to BENIHANA in an amount incapable of precise determination.  Accordingly, KIM agrees that BENIHANA shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 10 and all of its subparts, in addition to any other available remedies.

5

(C)     The Parties agree that the terms of paragraph 10 and all of its subparts are a material inducement for the execution of this AGREEMENT.  Any disclosure or dissemination, other than as described above in paragraph 10 and 10(A) will be regarded as a breach of this AGREEMENT and a cause of action shall immediately accrue for damages and injunctive relief.  The Parties agree that damages sustained by such breach would be impractical or extremely difficult to determine and, therefore, agree that in the event that KIM, or any of the individuals identified in paragraph 10(A), violates this paragraph 10 or any of its subparts, KIM shall pay BENIHANA liquidated damages in the sum of ONE THOUSAND DOLLARS AND 00/100 CENTS ($1,000.00) for each violation.  The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

11.     **Neutral Employment Verification:**  Employer will provide only dates of employment and positions held to prospective employers.  Inquires shall be directed to Maria Hernandez at BENIHANA.

12.     **Governing Law and Jurisdiction:**  This AGREEMENT shall be governed and conformed in accordance with the laws of the state in which KIM was employed at the time of his last day of employment with BENIHANA without regard to its conflict of laws provision.  In the event KIM or BENIHANA breaches any provision of this AGREEMENT, KIM and BENIHANA affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT.

13.     **Conditions:**  Should **KIM** ever breach any provision or obligation under this AGREEMENT, KIM explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by BENIHANA as a result of KIM's breach.  Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies BENIHANA may have by virtue of this AGREEMENT or otherwise.

14.     **No Admission of Liability:**  The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by BENIHANA of any liability or unlawful conduct of any kind.

15.     **Headings:**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

16.     **Modification of Agreement:**  This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties.  KIM agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever.  No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged.  The parties acknowledge that only an authorized representative of BENIHANA has the authority to modify this AGREEMENT on behalf of BENIHANA.

17. **Interpretation:**  The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

18. **Severability:**   The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable.  However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of KIM's Lawsuit or the general release of claims described in paragraph 5 above is deemed to be illegal, invalid, or unenforceable, BENIHANA is not obligated to honor any of the terms set forth herein and KIM shall return any amounts paid by BENIHANA.

19. **Binding Nature of Agreement:**  This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

20. **Entire Agreement:**  This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of BENIHANA to KIM.  KIM acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:**  Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph.  Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof.  The Parties' addresses for providing Notices hereunder shall be as follows:

Benihana National Corp.

c/o Jonathan Beckerman
Littler Mendelson, P.C.
333 SE 3rd Ave., Ste. 2700
Miami, FL 33132
Phone:  305-400-7500
Fax: 305-603-2552

Brian Kim
c/o Robert S. Norell
Robert S. Norell, P.A.
300 N.W. 70th Ave., Ste. 305
Plantation, FL 33317
Phone: 954-617-6017
Fax: 954-617-6018

22.     **Selective Enforcement:**   The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

**KIM IS HEREBY ADVISED THAT HE HAS A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED THAT HE SHOULD CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, KIM FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST BENIHANA.**

**ACCEPTED AND AGREED:**

By:    _____            02/04/14
              BRIAN KIM                                        Date